*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 17-CV-1270 and 17-CV-1286

DAVID BRIDGFORTH,
APPELLANT/CROSS-APPELLEE,

v.

GATEWAY GEORGETOWN CONDOMINIUM, INC.,
APPELLEE/CROSS-APPELLANT,

and

ZALCO REALTY, INC.,
APPELLEE/CROSS-APPELLANT.

Appeals from the Superior Court
of the District of Columbia
(CAB-8278-15)

(Hon. Todd E. Edelman, Trial Judge)

(Argued January 8, 2019                    Decided August 29, 2019)

*Adam L. Van Grack* for appellant/cross-appellee. *Paul Strauss* and *Crystal K. McBee* were on the brief for appellant/cross-appellee.

*Thomas C. Mugavero* for appellees/cross-appellants Gateway Georgetown Condominium, Inc. and Zalco Realty, Inc.

Before THOMPSON and MCLEESE, *Associate Judges*, and WASHINGTON, *Senior Judge*.

MCLEESE, *Associate Judge*:  These cross-appeals arise from a dispute between condominium owner David Bridgforth and the condominium association of which he is a member, Gateway Georgetown Condominium, Inc.  Mr. Bridgforth argues that the Nonprofit Corporation Act of 2010, D.C. Code § 29-401.01 et seq. (2013 Repl.) entitles him to get access to certain records related to Gateway's financial dealings.  Mr. Bridgforth further argues that the trial court erred by concluding that the provision on which Mr. Bridgforth relies must give way to a conflicting provision in the Condominium Act, D.C. Code § 42-1901.01 et seq. (2012 Repl. & 2019 Supp.).  Mr. Bridgforth and Gateway also challenge the trial court's denial of their respective requests for attorney's fees.  We affirm the trial court's ruling on the merits and remand for further proceedings with regard to attorney's fees.

**I.**

The following facts appear to be undisputed.  Mr. Bridgforth owns two condominiums in a building in the District of Columbia.  Gateway is the condominium association for the building and is incorporated in the District as a nonprofit corporation.  Mr. Bridgforth is one of Gateway's members.  In October 2015, Mr. Bridgforth filed a suit alleging that Gateway and its management agency, appellee/cross-appellant Zalco Realty, failed to provide him with records that he had

requested pursuant to the Nonprofit Act. (For ease of reference, we refer to appellees/cross-appellants collectively as Gateway.)

At trial, Mr. Bridgforth sought enforcement of fifteen requests for information he had made to Gateway in various forms over the preceding three years. The trial court found that eleven of Mr. Bridgforth's fifteen requests did not comply with the requirements of the Nonprofit Act. *See* D.C. Code § 29-413.02(b)-(c) (requiring, among other things, that requests be made by signed notice, be made in good faith and for proper purpose, and describe requested records with reasonable particularity). The trial court further determined that the remaining requests were largely directed at information -- regarding personnel matters, pending or anticipated litigation, or files of members or individual unit owners -- that Gateway could properly withhold under § 42-1903.14(c)(1) of the Condominium Act. The trial court therefore denied Mr. Bridgforth's claim except as to portions of two of Mr. Bridgforth's requests that were directed at information not subject to withholding -- namely, documentation of Gateway's expenditures related to air-conditioning units in the building.

The trial court denied Mr. Bridgforth's request for attorney's fees under § 29-413.04(c) of the Nonprofit Act, on the ground that Gateway had acted in good

faith. The court noted that the only two requests requiring a response were buried in a large number of unwarranted requests and that Gateway thus had possessed a reasonable basis for doubting whether Mr. Bridgforth had a right to inspect the records he requested. Finally, the trial court denied Gateway's request for attorney's fees under § 42-1902.09 of the Condominium Act, interpreting that provision to apply only where a case was brought by a unit-owners' association against a unit owner.

## II.

Mr. Bridgforth does not contest the trial court's denial of many of his requests under the Nonprofit Act. Rather, Mr. Bridgforth challenges the trial court's ruling that Gateway was entitled under the Condominium Act to withhold certain information that would otherwise have been subject to disclosure under the Nonprofit Act. Mr. Bridgforth's challenge thus turns on the interaction between the disclosure requirements in the Nonprofit Act and the confidentiality provisions in the Condominium Act.

**A.**

The Nonprofit Act contains a number of provisions addressing the records nonprofit corporations must keep and the rights of members to have access to those records. *See, e.g.*, D.C. Code §§ 29-413.01 to .07. As pertinent here, D.C. Code § 29-413.02(b) permits a member, upon proper request, to inspect various corporation records, including records of meetings, accounting records, and membership lists. A nonprofit corporation "engaging in an activity that is subject to regulation under another statute of the District . . . is subject to all the limitations of the other statute." D.C. Code § 29-403.01(b).

The Condominium Act also contains provisions governing the maintenance of records and the inspection rights of condominium-association members. *See, e.g.*, D.C. Code § 42-1903.14. Unlike the Nonprofit Act, the Condominium Act provides that records "may be withheld from examination or copying by unit owners" if the records concern, among other things, personnel matters, pending or anticipated litigation, or files of members or individual unit owners. D.C. Code § 42-1903.14(c)(1). The Condominium Act "shall apply to all condominiums created in the District of Columbia." D.C. Code § 42-1901.01(a).

**B.**

We review issues of statutory interpretation de novo. *Facebook, Inc. v. Wint*, 199 A.3d 625, 628 (D.C. 2019). "We first look to see whether the statutory language at issue is plain and admits of no more than one meaning." *Id.* (internal quotation marks omitted). "We will give effect to the plain meaning of a statute when the language is unambiguous and does not produce an absurd result." *Id.* (internal quotation marks omitted). "We may also look to the legislative history to ensure that our interpretation is consistent with legislative intent." *Id.* (brackets and internal quotation marks omitted).

This case presents a complication: Gateway is both a condominium association and a nonprofit corporation, and the Condominium Act appears to permit Gateway to withhold information that the Nonprofit Act appears to require Gateway to disclose. Mr. Bridgforth argues that the proper resolution of that complication is simple: the mandatory disclosure requirement in the Nonprofit Act must prevail over the permissive confidentiality provision in the Condominium Act. Mr. Bridgforth is correct that the pertinent provision of the Condominium Act is permissive, providing that condominium associations *may* withhold certain records from inspection but not *requiring* that they do so. D.C. Code § 42-1903.14(c)(1).

Thus, Gateway could have fulfilled its disclosure obligations under the Nonprofit Act without running afoul of the Condominium Act, simply by choosing not to withhold the records in question.

Although "compliance with both provisions is not a physical impossibility," that does not eliminate the conflict between the provisions. *J.P. v. District of Columbia*, 189 A.3d 212, 219 (D.C. 2018) (internal quotation marks omitted); *see also Goudreau v. Standard Fed. Sav. & Loan Ass'n*, 511 A.2d 386, 391 (D.C. 1986) (conflict between two provisions "does not evaporate" simply because one is permissive and one is mandatory) (internal quotation marks omitted); *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645-46 (2012) (discussing situations "in which a general permission or prohibition is contradicted by a specific prohibition or permission"). By its terms, § 42-1903.14(c)(1) of the Condominium Act authorizes Gateway to withhold records that § 29-413.02(b) of the Nonprofit Act requires Gateway to disclose. We have previously treated comparable permissive and mandatory provisions as conflicting, and we see no basis for a different conclusion here. *See J.P.*, 189 A.3d at 216-22 (statute permitting trial court to order inpatient mental-health treatment for minor during pendency of civil-commitment petition conflicted with separate provision prohibiting such treatment without parental consent; concluding based on all relevant considerations that

permissive provision prevailed over mandatory provision).

Where one statutory provision appears to permit what another provision appears to forbid, we must "determine which of the[] seemingly conflicting provisions governs." *J.P.*, 189 A.3d at 216. "Our task is to determine the interpretation of both provisions that best harmonizes them, taking into account their language; their context; their place in the overall statutory scheme; their evident legislative purpose; and the principle that statutes should not be construed to have irrational consequences." *Id.* at 219. We also consider the general principles that if two provisions conflict, "the more specific statute governs the more general one, and the later supersedes the earlier." *District of Columbia v. Gould*, 852 A.2d 50, 55 (D.C. 2004) (internal quotation marks omitted). Upon consideration of the relevant factors, we agree with the trial court that in this case the confidentiality provision in the Condominium Act prevails over the disclosure provision in the Nonprofit Act.

First, the pertinent confidentiality provision in the Condominium Act was enacted in 2014, after the disclosure provision in the Nonprofit Act. *Compare* D.C. Law 20-109, § 2(m), 61 D.C. Reg. 4304, 4311-12, 6919 (2014) (amending D.C. Code § 42-1903.14), *with* D.C. Code § 29-413.02 (2013 Repl.). That favors giving effect to the confidentiality provision in the Condominium Act.

Second, in enacting the 2014 amendments, the D.C. Council explicitly balanced the transparency and confidentiality concerns at play in the relationship between condominium associations and their members. The Committee Report on the Condominium Amendment Act of 2014 explained that the proposed amendments were meant "to bolster the transparency of how condominium associations govern themselves" while recognizing that there were "legitimate and necessary reasons" for a condominium association to keep some materials confidential. D.C. Council, Report on Bill 20-139 at 4-5 (Dec. 11, 2013). Although the Committee Report does not specifically refer to the apparently undisputed fact that condominium associations in the District are often organized as nonprofit corporations, we have no reason to suppose that the D.C. Council was ignorant of that fact or would have struck a different balance for those condominium associations that are organized as nonprofit corporations.

Third, although "[i]t can be difficult to determine which of two statutes is more general and which is more specific," *J.P.*, 189 A.3d at 220, we tend to agree with the trial court's conclusion that the Condominium Act's confidentiality provision can be viewed as more specific than the Nonprofit Act's disclosure provision. The former is focused on a specific type of business entity in a very

specific business context, whereas the latter covers the whole gamut of nonprofit corporations.

Fourth, other provisions in the two Acts support the trial court's ruling. As noted previously, the Condominium Act explicitly states that the provisions of the act "shall apply to *all* condominiums created in the District of Columbia." D.C. Code § 42-1901.01(a) (emphasis added). By contrast, the Nonprofit Act provides that a nonprofit corporation "engaging in an activity that is subject to regulation under another statute of the District . . . is subject to all the limitations of the other statute." D.C. Code § 29-403.01(b). The parties dispute whether the confidentiality provisions of the Condominium Act should properly be viewed as "limitations," but we need not resolve that dispute. Whether or not it directly applies, § 29-403.01(b) clearly indicates that the D.C. Council contemplated situations in which the Nonprofit Act would yield to other statutes.

Finally, we see no irrational consequences that might flow from construing the confidentiality provision in the Condominium Act as controlling over the disclosure provision in the Nonprofit Act.

To be clear, we are not holding that the Condominium Act would always

control if its provisions conflict with those of the Nonprofit Act. Rather, our holding is limited to the interaction of the specific provisions at issue. In sum, we agree with the trial court that Gateway was authorized under the Condominium Act to withhold the information at issue, even if that information otherwise would have been subject to mandatory disclosure under the Nonprofit Act.

## III.

We turn next to the parties' respective claims for attorney's fees. We review a trial court's decisions regarding fee requests for abuse of discretion. *E.g.*, *Lively v. Flexible Packaging Ass'n*, 930 A.2d 984, 988 (D.C. 2007). Our review is limited "to a determination of whether the trial court failed to consider a relevant factor, whether it relied upon an improper factor, and whether the reasons given reasonably support the conclusion." *6921 Ga. Ave., N.W., Ltd. P'ship v. Universal Cmty. Dev., LLC*, 954 A.2d 967, 971 (D.C. 2008) (internal quotation marks and brackets omitted). We affirm the trial court's denial of Mr. Bridgforth's fee request under the Nonprofit Act but remand for further consideration of whether a fee award is warranted under the Condominium Act.

## A.

We first consider Mr. Bridgforth's request for fees under the Nonprofit Act. If a nonprofit corporation does not permit a member to inspect and copy records that have been properly requested under the Nonprofit Act, the member may apply to the Superior Court for an order requiring the corporation's compliance. D.C. Code § 29-413.04(b). If the Superior Court grants the application for such an order, "it shall also order the nonprofit corporation to pay the member's costs, including reasonable attorneys' fees, . . . unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the member to inspect the records demanded." D.C. Code § 29-413.04(c).

The trial court denied Mr. Bridgforth's fee request on the ground that Gateway acted in good faith because Mr. Bridgforth's only two meritorious requests were buried in a large number of unwarranted requests. A trial court's finding as to good faith is a factual determination that we review for clear error. *See 6921 Ga. Ave.*, 954 A.2d at 971. We see no clear error in the trial court's ruling, and we therefore affirm the trial court's denial of Mr. Bridgforth's request for attorney's fees under the Nonprofit Act.

**B.**

Finally, we address Gateway's request for fees under the Condominium Act, which provides that

> (a) Any lack of compliance with this chapter or with any lawful provision of the condominium instruments shall be grounds for an action or suit to recover damages or injunctive relief, or for any other available remedy . . . .
>
> (b) . . . Unless otherwise provided in the condominium instruments, the substantially prevailing party in an action brought by a unit owners' association against a unit owner or by a unit owner against the unit owners' association shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.

D.C. Code § 42-1902.09.

The trial court denied Gateway's fee request on the ground that "on its face" the Condominium Act permits fee shifting in only "one situation, in a case brought by a unit owners['] association against a unit owner." As Gateway points out, however, § 42-1902.09(b) also by its terms permits awards of attorney's fees in actions brought "by a unit owner against the unit owners' association." We therefore remand for the trial court to further consider Gateway's request for fees under the Condominium Act. We leave for the trial court to decide in the first instance, if necessary, additional issues that the parties dispute in this court but the trial court

did not squarely resolve, including (1) whether Gateway should properly be viewed as a prevailing party for purposes of the Condominium Act; and (2) whether the Condominium Act's fee provision applies to actions in which the plaintiff was not seeking to enforce provisions of the Act. *See generally, e.g.*, *J.C. v. District of Columbia*, 199 A.3d 192, 202 (D.C. 2018) (exercising discretion to remand for trial court to determine issue in first instance).

We note one final issue. In his reply brief, Mr. Bridgforth contends in the alternative that if the Condominium Act's fee provision applies, Mr. Bridgforth would be entitled to fees under that Act. We also leave that contention -- and any related questions about whether the contention has been properly preserved -- for the trial court to consider on remand.

In sum, we affirm the trial court's ruling on the merits, we affirm the denial of Mr. Bridgforth's fee request under the Nonprofit Act, and we remand for further proceedings with respect to attorney's fees under the Condominium Act.

*So ordered*.